**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2008[*]
Decided May 13, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3182

| | |
|---|---|
| TYRONE V. WORLDS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:06cv174 RM |
| NANCY SPIEGLA, et al., *Defendants-Appellee*s. | Robert L. Miller Jr., *Chief Judge.* |

**O R D E R**

Tyrone Worlds, a former inmate of the Indiana State Department of Corrections, brought this suit under 42 U.S.C. § 1983, alleging that prison officials violated his right to due process when, because of an error, the prison extended his incarceration by four and a

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

half months.  The district court granted the defendants' motions for summary judgment because Worlds did not show that the defendants acted with the requisite intent.  We affirm.

In 2001, guards at Indiana's Westville Correctional Center discovered a pair of officer's gloves in Worlds' cell and charged him with violating prison rules.  He pleaded guilty to "unauthorized relocation," a Class C violation,  before a three-person Conduct Adjustment Board (CAB).  David Leonard was chairman of the CAB and Nancy Spiegla was a member of the panel.  Leonard, when filling out his report, incorrectly wrote the numerical code for "unauthorized possession," a more serious Class B violation, although in the box labeled "offense" Leonard wrote "unauthorized relocation."  Spiegla, who signed the report as a member of the CAB,  failed to notice the discrepancy between the offense code and the listed offense.  The wrong offense code was entered into a computer database and the error ultimately resulted in Worlds losing credit for good behavior.  Worlds complained to prison authorities, but his complaints fell on deaf ears.  Finally, in December 2004, a federal district court issued a writ of habeas corpus under 28 U.S.C. § 2254 and overturned the CAB's finding for unauthorized possession, the Class B violation.  *Worlds v. Buss, No.* 3:02CV498-AS, (N.D. Ind. Dec. 3, 2004).  Worlds's victory, however, was hollow, because he had already been freed from prison on parole and, according to him, spent four more months in prison than he otherwise would have.  It is unclear whether the parole board shortened his period of parole as a result of the decision.  *See White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Worlds sued Spiegla, Leonard, and J. David Donahue, the Commissioner of the Indiana Department of Corrections, under § 1983, alleging that they violated his right to due process.  Worlds did not make any specific allegations regarding Donahue, but he alleged that Spiegla and Leonard were responsible for his prolonged incarceration. The district court granted the defendants' motions for summary judgment, and Worlds now appeals.  We review a district court's grant of summary judgment de novo.  *Levy v. Minn. Life Ins. Co.*, 517 F.3d 519, 520 (7th Cir. 2008).

To obtain relief under § 1983, Worlds must show that the defendants deprived him of his constitutional rights.  *Kramer*, 384 F.3d at 861;  *Bublitz v. Cottey*, 327 F.3d 485, 488 (7th Cir. 2003).  Worlds suggests that his victory on his petition for writ of habeas corpus entitles him to relief on his claim against the defendants in this case.  It is true that the unlawful deprivation of Worlds's good-time credits violated his constitutional rights:  The district court issued a writ of habeas corpus to Worlds, and § 2254 allows relief only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  But that does not translate into personal liability of the current defendants, who were not parties to the collateral proceedings under § 2254; they have have not had the opportunity to litigate the claims presented here.  *See Garza v. Henderson*, 779

F.2d. 390, 393-394 (7th Cir. 1985) (although district court had previously issued petitioner a writ of habeas corpus because inmate's constitutional rights had been violated when he did not receive notice of a disciplinary hearing, defendants sued in their private capacity could not be estopped from challenging the lack of notice.)  *See also H-D Mich., Inc. v. Top Quality Serv., Inc*, 496 F.3d 755, 760 (7th Cir. 2007) (requiring identity of parties for a decision to have collateral estoppel effect).  Therefore, Worlds cannot rely on the habeas corpus judgment to show that the current defendants are liable under section 1983.

To sustain a claim under § 1983, Worlds must show that an official recklessly deprived, made a deliberate decision to deprive, or acted with gross negligence in depriving him of life, liberty, or property.  *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1277 (3d Cir. 1994).  Negligent conduct on the part of a state official is insufficient to make out a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 331, 333-34 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986);  *Russ v. Watts*, 414 F.3d 783, 788-89 (7th Cir. 2005).

Here, Leonard provided an affidavit with his motion for summary judgment stating that the mis-coding of Worlds's offense was a simple mistake.  Spiegla averred that she relied on Leonard to fill out the form correctly, signed it without reading it, and did not notice the discrepancy between the offense code and the stated offense.  Worlds did not even allege that Leonard and Spiegla possessed the required intent to deprive him of his liberty, let alone submit evidence to show they acted recklessly or deliberately.  As to Donahue, Worlds does not allege that he contributed to or knew about the mistake, and a supervisor is not vicariously liable for a subordinate's conduct that violates a plaintiff's constitutional rights absent the supervisor's knowledge and approval of the conduct. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  Accordingly, the district court properly granted summary judgment in favor of the defendants.

AFFIRMED.